J-S47019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN WALKER | : | |
| | : | |
| Appellant | : | No. 1456 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002234-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 21, 2025**

Austin Walker appeals from the judgment of sentence imposed following revocation of his probation for technical violations.  He challenges the discretionary aspects of his new sentence.  Upon review, we affirm.

The relevant factual and procedural history follows.  On the night of January 16, 2023, Walker, while intoxicated, broke into his wife's home in Philadelphia by kicking in the back door.  He entered her home.  When police arrived and attempted to take him into custody, he resisted, attempted to punch the officers, and disregarded their commands.  He was arrested and charged with several offenses.

On July 19, 2023, Walker entered a negotiated guilty plea for criminal trespass.[1]  The trial court sentenced him to 3 years' probation.  The court also

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).  The remaining charges were dismissed.

imposed the following probation conditions: a stay away order against his wife; supervision by the domestic violence unit of the probation department, which required that Walker attend batterer's intervention treatment; a mental health evaluation; and a drug and alcohol assessment. A protection from abuse ("PFA") order was entered against Walker, which coincided with his period of probation.

Following his sentence, Walker reported to probation on August 15, 2023. At that time, he tested positive for cocaine. He was to report again on September 13, 2023, but failed to do so. Walker absconded.

The probation department attempted several times to contact Walker but was unable to reach him. Consequently, on October 17, 2023, a warrant was issued. Walker was picked up on December 4, 2023, when he was arrested for another domestic violence incident which included contempt of the PFA, terroristic threats, stalking, simple assault, and resisting arrest.

Subsequently, the probation department sought to revoke his probation for technical violations.[2] In addition to failing to report and absconding, Walker failed to attend the batterer's intervention treatment and obtain other required assessments. As a result, the probation department sought revocation of Walker's probation and imposition of a sentence of incarceration.

---

[2] Originally, the request to revoke Walker's probation included charges for a violation of the PFA order and new criminal charges. However, those charges were dismissed and the matter proceeded solely based on his technical violations.

On April 26, 2024, the court held a violation of probation ("VOP") hearing and found that Walker violated his probation which warranted a sentence of total confinement. That same day, the VOP court resentenced Walker to 1½ to 3 years' incarceration and ordered drug treatment. Walker filed a post-sentence motion, which the court did not decide.

Walker filed this timely appeal.[3] He and the trial court complied with Appellate Rule 1925.

On appeal, Walker raises the following issue:

Did the [VOP] court abuse its discretion in sentencing [] Walker to one-and-one-half to three years' incarceration for a first, technical violation of his probation where such an extended period of total confinement was manifestly excessive under the circumstances?

Walker's Brief at 2.

Walker challenges the discretionary aspects of his VOP sentence. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, the appellant must petition this Court for permission to appeal. *See* ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008). Before

_____

[3] The VOP court claimed that the appeal was premature since it had not yet decided Walker's post-sentence motion. Trial Court Opinion, 7/8/24, at 2 n.2. However, as Walker noted, the filing of a post-sentence motion does not toll the appeal period for a probation revocation sentence. Pa.R.Crim.P 708(E). Accordingly, Walker had to file his appeal within 30 days of his sentencing or risk it be quashed as untimely.

reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Walker satisfied the first three requirements under *Colon*. Accordingly, we must determine whether he raised a substantial question.

In his Rule 2119(f) statement, Walker claims that the trial court abused its discretion by imposing an excessive sentence of total confinement following revocation of probation for a first violation based solely on technical violations. He further maintains that the court did not consider his rehabilitative needs or relevant mitigating factors. Walker's Brief at 6.

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and therefore raises a substantial question. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (claim that probation revocation sentence was excessive

considering its underlying technical violations can present a question that this Court should review). Additionally, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors [or rehabilitative needs]—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will address Walker's sentencing claim.

This Court has stated:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Colon*, 102 A.3d at 1044 (quotations and citations omitted). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).[4] In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1040–41 (Pa. Super. 2013). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282–1283.

This Court has held that, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a resistance] to reform." ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa. Super. 2007). "[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant

---

[4] The law was amended effective June 11, 2024, which renders these criteria inapplicable. However, because Walker's VOP hearing occurred prior to the amendment's effective date, we apply this version of the statute.

received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).

However, we have rejected lengthy incarceration sentences imposed solely based upon technical violations of probation on grounds of unreasonableness. ***Commonwealth v. Williams***, 69 A.3d 735 (Pa. Super. 2013); ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003). Given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

In his sole issue, Walker claims that the VOP court abused its discretion when it imposed an excessive sentence of confinement. According to Walker, although a sentence of incarceration may have been warranted, the VOP court should not have sentenced him to a "substantial" state prison sentence for a first violation. Specifically, Walker argues that his violations were only technical and that he took substantial steps on his own toward his rehabilitation by maintaining employment, attending job training classes, and undertaking drug treatment. Walker's Brief at 9, 13. He maintains that our courts have vacated excessive state sentences based on only technical violations. Additionally, Walker argues that, if his hearing occurred six weeks later, his sentence would have been capped at fourteen days' incarceration under 42 Pa.C.S.A. section 9771(c), which now limits a probation revocation sentence of total confinement for technical violations. Walker maintains that this is persuasive authority demonstrating that his sentence is excessive. ***Id.***

- 7 -

at 7, 13-14. According to Walker, this Court should vacate his sentence. *Id.* at 8. We disagree.

Here, the VOP court found that Walker violated **multiple** conditions of his probation. As a result, the court sentenced him to 1½ to 3 years' incarceration. In imposing a sentence of total confinement, the VOP court explained that it was warranted for several reasons. First, the court found that Walker was likely to commit another crime. The court noted that Walker's positive drug screen for cocaine indicated that he had possessed an illegal substance. VOP Court Opinion, 7/8/24, at 5-6. Possession of a controlled substance while on probation shows that a defendant is likely to commit another crime (and in fact has). **Malovich**, 903 A.2d at 1254.

Further, Walker violated the PFA order and the court's stay away order, while on probation; both orders pertained to his wife. Although Walker's charge for violating the PFA was dismissed, his refusal to comply with these orders shows that he is likely to commit another crime. Additionally, Walker was arrested on new criminal charges while on probation, although they were dismissed. Nonetheless, where a probationer is arrested and receives new charges that are *nolle prossed*, a VOP court can and should consider the totality of this evidence, particularly the factual allegations in support thereof, before imposing a sentence of total confinement. **Commonwealth v. Banks**, 198 A.3d 391, 403 (Pa. Super. 2018) (quoting **Commonwealth v. Ahearn**, 670 A.2d 133, 135 (Pa. 1996), and distinguishing **Commonwealth v. Brown**, 469 A.2d 1371 (Pa. 1983) (regarding charges *acquitted* by a jury)). The court

further noted that the continuing nature of Walker's antisocial behavior further suggested that he was likely to commit future offenses unless confined. VOP Court Opinion, 7/8/24, at 7.

The court also found that Walker was not amenable to supervision. *Id.* 6. The court observed that the purpose of a VOP hearing is to "determine whether probation remains rehabilitative and continues to deter future antisocial conduct." ***Commonwealth v. Holder***, 805 A.2d 499, 504 (Pa. 2002). At his VOP hearing, the court told Walker that his prior probation sentence was an opportunity for him. However, instead of taking advantage of it, Walker failed to make any positive rehabilitative efforts and demonstrated a clear pattern of antisocial conduct. ***See*** N.T., 4/26/24, at 24-25. In particular, the court found that Walker's actions by absconding were flagrant and demonstrated his inability to reform and lack of remorse. Consequently, the court found that probation was not a viable means to rehabilitate Walker and deter antisocial behavior. VOP Court Opinion, 7/8/24, at 6.

Lastly, the court indicated that a sentence of total confinement was necessary to "vindicate the authority" of the court given appellant's willful non-compliance with probation, rules, and court orders. In particular, the court noted the flagrant nature of Walker's actions by absconding. ***Id.*** Walker blatantly disregarded the terms of his probation almost immediately after he was sentenced. This continued for almost 4 months. A sentence of imprisonment for a defendant who absconded is essential to vindicate the

court's authority. ***Commonwealth v. Ortega***, 995 A.2d 879, 884 (Pa. Super. 2010).

Therefore, the court's sentence of total confinement was appropriate.

Additionally, the length of Walker's sentence was not unreasonable.[5] Here, the standard range, minimum sentence was 3 to 14 months' incarceration, plus or minus 3 months. The court's minimum sentence of 18 months was one month outside the aggravated range. However, as the VOP court indicated, the maximum sentence for criminal trespass, a second-degree felony, is 5 to 10 years' incarceration. ***See*** 18 Pa.C.S.A. § 1103(2). Walker's sentence of 1½ to 3 years was well below the sentence the court originally could have imposed.

Further, we acknowledge that the Legislature adopted new limitations for probation violation sentences based on technical violations. 42 Pa.C.S.A. § 9771(c). However, as Walker recognizes, these rules were not in effect at the time of his VOP sentencing and, therefore, do not apply to him. Moreover, this change in the law does not persuade us that Walker's sentence was excessive.

A review of the VOP sentencing transcript reveals that the VOP court considered the factors under section 9771(c), discussed above, and the

_____

[5] For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 (relating to sentencing guidelines, 7th edition), with consideration given to any service of the original sentence." 204 Pa. Code § 307.3.

general principles of sentencing in fashioning Walker's sentence. Specifically, it considered the circumstances of this case, the information provided by the supervising probation officer; arguments of the Commonwealth and defense counsel, and, significantly, Walker's rehabilitative and treatment needs. Walker's conduct while on probation weighed heavily in determining Walker's sentence as did the court's desire to ensure that Walker received the help he needed. N.T., 4/26/24, at 25-26.

Walker argues nonetheless that, based upon *Parlante* and *Commonwealth v. Cottle*, 426 A.2d 598, 602 (Pa. 1981), his state sentence for technical violations of his probation, should likewise be vacated. Although Walker acknowledges that he absconded, he argues that he took substantial steps toward rehabilitation which warrants a lesser sentence. We disagree.

In *Parlante*, this Court found that the trial court abused its discretion where it imposed a lengthy sentence based on a number of technical violations. There, the trial court based its revocation sentence solely on the likelihood that the defendant would violate probation again without considering that her few crimes were not violent among other important factors. While this Court agreed that the defendant should serve some prison time for her violations, we concluded 4 to 8 years was excessive. *Id.* at 930-931.

Similarly, in *Cottle* the court imposed a maximum sentence of confinement based solely on Cottle's failure to report. Despite his failure to report, Cottle took significant steps to rehabilitate himself which was the goal.

Because this had been accomplished and there was no basis for a sentence of total confinement, incarceration would be more punitive than rehabilitative. Thus, our Supreme Court vacated Cottle's sentence. *Cottle*, 426 A.2d at 602.

Based upon our review, the instant case does not warrant the type of relief afforded in *Parlante* and *Cottle*. As discussed above, the VOP court imposed a revocation sentence well below the maximum for *multiple* technical violations of his probation, as well as being arrested while on probation for new offenses like that of the underlying offense in this case. Furthermore, as the trial court found, Walker has not taken substantial steps towards his own rehabilitation. Thus, Walker's sentence was not "a manifestly unreasonable amount of time" as the sentence was in *Parlante*. Additionally, there were several reasons, supported by the record, why the VOP court imposed a sentence of total incarceration, unlike the circumstances in *Cottle*.

In sum, we conclude that the trial court did not abuse it discretion in imposing Walker's VOP sentence as his sentence was not manifestly excessive or unreasonable under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

- 12 -

J-S47019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
          v.                      :
                              :
                              :
AUSTIN WALKER              :
                              :
           Appellant        :      No. 1456 EDA 2024

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002234-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED MARCH 21, 2025**

     Austin Walker appeals from the judgment of sentence imposed following revocation of his probation for technical violations.  He challenges the discretionary aspects of his new sentence.  Upon review, we affirm.

     The relevant factual and procedural history follows.  On the night of January 16, 2023, Walker, while intoxicated, broke into his wife's home in Philadelphia by kicking in the back door.  He entered her home.  When police arrived and attempted to take him into custody, he resisted, attempted to punch the officers, and disregarded their commands.  He was arrested and charged with several offenses.

     On July 19, 2023, Walker entered a negotiated guilty plea for criminal trespass.[1]  The trial court sentenced him to 3 years' probation.  The court also

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).  The remaining charges were dismissed.

imposed the following probation conditions: a stay away order against his wife; supervision by the domestic violence unit of the probation department, which required that Walker attend batterer's intervention treatment; a mental health evaluation; and a drug and alcohol assessment. A protection from abuse ("PFA") order was entered against Walker, which coincided with his period of probation.

Following his sentence, Walker reported to probation on August 15, 2023. At that time, he tested positive for cocaine. He was to report again on September 13, 2023, but failed to do so. Walker absconded.

The probation department attempted several times to contact Walker but was unable to reach him. Consequently, on October 17, 2023, a warrant was issued. Walker was picked up on December 4, 2023, when he was arrested for another domestic violence incident which included contempt of the PFA, terroristic threats, stalking, simple assault, and resisting arrest.

Subsequently, the probation department sought to revoke his probation for technical violations.[2] In addition to failing to report and absconding, Walker failed to attend the batterer's intervention treatment and obtain other required assessments. As a result, the probation department sought revocation of Walker's probation and imposition of a sentence of incarceration.

---

[2] Originally, the request to revoke Walker's probation included charges for a violation of the PFA order and new criminal charges. However, those charges were dismissed and the matter proceeded solely based on his technical violations.

On April 26, 2024, the court held a violation of probation ("VOP") hearing and found that Walker violated his probation which warranted a sentence of total confinement. That same day, the VOP court resentenced Walker to 1½ to 3 years' incarceration and ordered drug treatment. Walker filed a post-sentence motion, which the court did not decide.

Walker filed this timely appeal.[3] He and the trial court complied with Appellate Rule 1925.

On appeal, Walker raises the following issue:

Did the [VOP] court abuse its discretion in sentencing [] Walker to one-and-one-half to three years' incarceration for a first, technical violation of his probation where such an extended period of total confinement was manifestly excessive under the circumstances?

Walker's Brief at 2.

Walker challenges the discretionary aspects of his VOP sentence. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, the appellant must petition this Court for permission to appeal. *See Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). Before

_____

[3] The VOP court claimed that the appeal was premature since it had not yet decided Walker's post-sentence motion. Trial Court Opinion, 7/8/24, at 2 n.2. However, as Walker noted, the filing of a post-sentence motion does not toll the appeal period for a probation revocation sentence. Pa.R.Crim.P 708(E). Accordingly, Walker had to file his appeal within 30 days of his sentencing or risk it be quashed as untimely.

reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Walker satisfied the first three requirements under ***Colon***. Accordingly, we must determine whether he raised a substantial question.

In his Rule 2119(f) statement, Walker claims that the trial court abused its discretion by imposing an excessive sentence of total confinement following revocation of probation for a first violation based solely on technical violations. He further maintains that the court did not consider his rehabilitative needs or relevant mitigating factors. Walker's Brief at 6.

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and therefore raises a substantial question. ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (claim that probation revocation sentence was excessive

- 4 -

considering its underlying technical violations can present a question that this Court should review). Additionally, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors [or rehabilitative needs]—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will address Walker's sentencing claim.

> This Court has stated:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Colon*, 102 A.3d at 1044 (quotations and citations omitted). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

- 5 -

Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).[4] In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040–41 (Pa. Super. 2013). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1282–1283.

This Court has held that, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a resistance] to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). "[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant

---

[4] The law was amended effective June 11, 2024, which renders these criteria inapplicable. However, because Walker's VOP hearing occurred prior to the amendment's effective date, we apply this version of the statute.

received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).

However, we have rejected lengthy incarceration sentences imposed solely based upon technical violations of probation on grounds of unreasonableness. ***Commonwealth v. Williams***, 69 A.3d 735 (Pa. Super. 2013); ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003). Given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

In his sole issue, Walker claims that the VOP court abused its discretion when it imposed an excessive sentence of confinement. According to Walker, although a sentence of incarceration may have been warranted, the VOP court should not have sentenced him to a "substantial" state prison sentence for a first violation. Specifically, Walker argues that his violations were only technical and that he took substantial steps on his own toward his rehabilitation by maintaining employment, attending job training classes, and undertaking drug treatment. Walker's Brief at 9, 13. He maintains that our courts have vacated excessive state sentences based on only technical violations. Additionally, Walker argues that, if his hearing occurred six weeks later, his sentence would have been capped at fourteen days' incarceration under 42 Pa.C.S.A. section 9771(c), which now limits a probation revocation sentence of total confinement for technical violations. Walker maintains that this is persuasive authority demonstrating that his sentence is excessive. ***Id.***

at 7, 13-14. According to Walker, this Court should vacate his sentence. ***Id.*** at 8. We disagree.

Here, the VOP court found that Walker violated ***multiple*** conditions of his probation. As a result, the court sentenced him to 1½ to 3 years' incarceration. In imposing a sentence of total confinement, the VOP court explained that it was warranted for several reasons. First, the court found that Walker was likely to commit another crime. The court noted that Walker's positive drug screen for cocaine indicated that he had possessed an illegal substance. VOP Court Opinion, 7/8/24, at 5-6. Possession of a controlled substance while on probation shows that a defendant is likely to commit another crime (and in fact has). ***Malovich***, 903 A.2d at 1254.

Further, Walker violated the PFA order and the court's stay away order, while on probation; both orders pertained to his wife. Although Walker's charge for violating the PFA was dismissed, his refusal to comply with these orders shows that he is likely to commit another crime. Additionally, Walker was arrested on new criminal charges while on probation, although they were dismissed. Nonetheless, where a probationer is arrested and receives new charges that are *nolle prossed*, a VOP court can and should consider the totality of this evidence, particularly the factual allegations in support thereof, before imposing a sentence of total confinement. ***Commonwealth v. Banks***, 198 A.3d 391, 403 (Pa. Super. 2018) (quoting ***Commonwealth v. Ahearn***, 670 A.2d 133, 135 (Pa. 1996), and distinguishing ***Commonwealth v. Brown***, 469 A.2d 1371 (Pa. 1983) (regarding charges *acquitted* by a jury)). The court

further noted that the continuing nature of Walker's antisocial behavior further suggested that he was likely to commit future offenses unless confined. VOP Court Opinion, 7/8/24, at 7.

The court also found that Walker was not amenable to supervision. *Id.* 6. The court observed that the purpose of a VOP hearing is to "determine whether probation remains rehabilitative and continues to deter future antisocial conduct." ***Commonwealth v. Holder***, 805 A.2d 499, 504 (Pa. 2002). At his VOP hearing, the court told Walker that his prior probation sentence was an opportunity for him. However, instead of taking advantage of it, Walker failed to make any positive rehabilitative efforts and demonstrated a clear pattern of antisocial conduct. ***See*** N.T., 4/26/24, at 24-25. In particular, the court found that Walker's actions by absconding were flagrant and demonstrated his inability to reform and lack of remorse. Consequently, the court found that probation was not a viable means to rehabilitate Walker and deter antisocial behavior. VOP Court Opinion, 7/8/24, at 6.

Lastly, the court indicated that a sentence of total confinement was necessary to "vindicate the authority" of the court given appellant's willful non-compliance with probation, rules, and court orders. In particular, the court noted the flagrant nature of Walker's actions by absconding. ***Id.*** Walker blatantly disregarded the terms of his probation almost immediately after he was sentenced. This continued for almost 4 months. A sentence of imprisonment for a defendant who absconded is essential to vindicate the

court's authority. ***Commonwealth v. Ortega***, 995 A.2d 879, 884 (Pa. Super. 2010).

Therefore, the court's sentence of total confinement was appropriate.

Additionally, the length of Walker's sentence was not unreasonable.[5] Here, the standard range, minimum sentence was 3 to 14 months' incarceration, plus or minus 3 months. The court's minimum sentence of 18 months was one month outside the aggravated range. However, as the VOP court indicated, the maximum sentence for criminal trespass, a second-degree felony, is 5 to 10 years' incarceration. ***See*** 18 Pa.C.S.A. § 1103(2). Walker's sentence of 1½ to 3 years was well below the sentence the court originally could have imposed.

Further, we acknowledge that the Legislature adopted new limitations for probation violation sentences based on technical violations. 42 Pa.C.S.A. § 9771(c). However, as Walker recognizes, these rules were not in effect at the time of his VOP sentencing and, therefore, do not apply to him. Moreover, this change in the law does not persuade us that Walker's sentence was excessive.

A review of the VOP sentencing transcript reveals that the VOP court considered the factors under section 9771(c), discussed above, and the

---

[5] For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 (relating to sentencing guidelines, 7th edition), with consideration given to any service of the original sentence." 204 Pa. Code § 307.3.

- 10 -

general principles of sentencing in fashioning Walker's sentence. Specifically, it considered the circumstances of this case, the information provided by the supervising probation officer; arguments of the Commonwealth and defense counsel, and, significantly, Walker's rehabilitative and treatment needs. Walker's conduct while on probation weighed heavily in determining Walker's sentence as did the court's desire to ensure that Walker received the help he needed. N.T., 4/26/24, at 25-26.

Walker argues nonetheless that, based upon ***Parlante*** and ***Commonwealth v. Cottle***, 426 A.2d 598, 602 (Pa. 1981), his state sentence for technical violations of his probation, should likewise be vacated. Although Walker acknowledges that he absconded, he argues that he took substantial steps toward rehabilitation which warrants a lesser sentence. We disagree.

In ***Parlante***, this Court found that the trial court abused its discretion where it imposed a lengthy sentence based on a number of technical violations. There, the trial court based its revocation sentence solely on the likelihood that the defendant would violate probation again without considering that her few crimes were not violent among other important factors. While this Court agreed that the defendant should serve some prison time for her violations, we concluded 4 to 8 years was excessive. ***Id.*** at 930-931.

Similarly, in ***Cottle*** the court imposed a maximum sentence of confinement based solely on Cottle's failure to report. Despite his failure to report, Cottle took significant steps to rehabilitate himself which was the goal.

- 11 -

Because this had been accomplished and there was no basis for a sentence of total confinement, incarceration would be more punitive than rehabilitative. Thus, our Supreme Court vacated Cottle's sentence. **Cottle**, 426 A.2d at 602.

Based upon our review, the instant case does not warrant the type of relief afforded in **Parlante** and **Cottle**. As discussed above, the VOP court imposed a revocation sentence well below the maximum for **multiple** technical violations of his probation, as well as being arrested while on probation for new offenses like that of the underlying offense in this case. Furthermore, as the trial court found, Walker has not taken substantial steps towards his own rehabilitation. Thus, Walker's sentence was not "a manifestly unreasonable amount of time" as the sentence was in **Parlante**. Additionally, there were several reasons, supported by the record, why the VOP court imposed a sentence of total incarceration, unlike the circumstances in **Cottle**.

In sum, we conclude that the trial court did not abuse it discretion in imposing Walker's VOP sentence as his sentence was not manifestly excessive or unreasonable under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

- 12 -

J-S47019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AUSTIN WALKER | : | |
| | : | |
| Appellant | : | No. 1456 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002234-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 21, 2025**

Austin Walker appeals from the judgment of sentence imposed following revocation of his probation for technical violations.  He challenges the discretionary aspects of his new sentence.  Upon review, we affirm.

The relevant factual and procedural history follows.  On the night of January 16, 2023, Walker, while intoxicated, broke into his wife's home in Philadelphia by kicking in the back door.  He entered her home.  When police arrived and attempted to take him into custody, he resisted, attempted to punch the officers, and disregarded their commands.  He was arrested and charged with several offenses.

On July 19, 2023, Walker entered a negotiated guilty plea for criminal trespass.[1]  The trial court sentenced him to 3 years' probation.  The court also

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).  The remaining charges were dismissed.

imposed the following probation conditions: a stay away order against his wife; supervision by the domestic violence unit of the probation department, which required that Walker attend batterer's intervention treatment; a mental health evaluation; and a drug and alcohol assessment. A protection from abuse ("PFA") order was entered against Walker, which coincided with his period of probation.

Following his sentence, Walker reported to probation on August 15, 2023. At that time, he tested positive for cocaine. He was to report again on September 13, 2023, but failed to do so. Walker absconded.

The probation department attempted several times to contact Walker but was unable to reach him. Consequently, on October 17, 2023, a warrant was issued. Walker was picked up on December 4, 2023, when he was arrested for another domestic violence incident which included contempt of the PFA, terroristic threats, stalking, simple assault, and resisting arrest.

Subsequently, the probation department sought to revoke his probation for technical violations.[2] In addition to failing to report and absconding, Walker failed to attend the batterer's intervention treatment and obtain other required assessments. As a result, the probation department sought revocation of Walker's probation and imposition of a sentence of incarceration.

---

[2] Originally, the request to revoke Walker's probation included charges for a violation of the PFA order and new criminal charges. However, those charges were dismissed and the matter proceeded solely based on his technical violations.

On April 26, 2024, the court held a violation of probation ("VOP") hearing and found that Walker violated his probation which warranted a sentence of total confinement.  That same day, the VOP court resentenced Walker to 1½ to 3 years' incarceration and ordered drug treatment.  Walker filed a post-sentence motion, which the court did not decide.

Walker filed this timely appeal.[3]  He and the trial court complied with Appellate Rule 1925.

On appeal, Walker raises the following issue:

Did the [VOP] court abuse its discretion in sentencing [] Walker to one-and-one-half to three years' incarceration for a first, technical violation of his probation where such an extended period of total confinement was manifestly excessive under the circumstances?

Walker's Brief at 2.

Walker challenges the discretionary aspects of his VOP sentence. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, the appellant must petition this Court for permission to appeal. **See Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super. 2008).  Before

_____

[3] The VOP court claimed that the appeal was premature since it had not yet decided Walker's post-sentence motion.  Trial Court Opinion, 7/8/24, at 2 n.2.  However, as Walker noted, the filing of a post-sentence motion does not toll the appeal period for a probation revocation sentence.  Pa.R.Crim.P 708(E).  Accordingly, Walker had to file his appeal within 30 days of his sentencing or risk it be quashed as untimely.

reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Walker satisfied the first three requirements under *Colon*. Accordingly, we must determine whether he raised a substantial question.

In his Rule 2119(f) statement, Walker claims that the trial court abused its discretion by imposing an excessive sentence of total confinement following revocation of probation for a first violation based solely on technical violations. He further maintains that the court did not consider his rehabilitative needs or relevant mitigating factors. Walker's Brief at 6.

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and therefore raises a substantial question. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (claim that probation revocation sentence was excessive

- 4 -

considering its underlying technical violations can present a question that this Court should review). Additionally, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors [or rehabilitative needs]—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will address Walker's sentencing claim.

This Court has stated:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Colon*, 102 A.3d at 1044 (quotations and citations omitted). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).[4] In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040–41 (Pa. Super. 2013). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1282–1283.

This Court has held that, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a resistance] to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). "[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant

---

[4] The law was amended effective June 11, 2024, which renders these criteria inapplicable. However, because Walker's VOP hearing occurred prior to the amendment's effective date, we apply this version of the statute.

received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).

However, we have rejected lengthy incarceration sentences imposed solely based upon technical violations of probation on grounds of unreasonableness. ***Commonwealth v. Williams***, 69 A.3d 735 (Pa. Super. 2013); ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003). Given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

In his sole issue, Walker claims that the VOP court abused its discretion when it imposed an excessive sentence of confinement. According to Walker, although a sentence of incarceration may have been warranted, the VOP court should not have sentenced him to a "substantial" state prison sentence for a first violation. Specifically, Walker argues that his violations were only technical and that he took substantial steps on his own toward his rehabilitation by maintaining employment, attending job training classes, and undertaking drug treatment. Walker's Brief at 9, 13. He maintains that our courts have vacated excessive state sentences based on only technical violations. Additionally, Walker argues that, if his hearing occurred six weeks later, his sentence would have been capped at fourteen days' incarceration under 42 Pa.C.S.A. section 9771(c), which now limits a probation revocation sentence of total confinement for technical violations. Walker maintains that this is persuasive authority demonstrating that his sentence is excessive. ***Id.***

at 7, 13-14. According to Walker, this Court should vacate his sentence. *Id.* at 8. We disagree.

Here, the VOP court found that Walker violated *multiple* conditions of his probation. As a result, the court sentenced him to 1½ to 3 years' incarceration. In imposing a sentence of total confinement, the VOP court explained that it was warranted for several reasons. First, the court found that Walker was likely to commit another crime. The court noted that Walker's positive drug screen for cocaine indicated that he had possessed an illegal substance. VOP Court Opinion, 7/8/24, at 5-6. Possession of a controlled substance while on probation shows that a defendant is likely to commit another crime (and in fact has). *Malovich*, 903 A.2d at 1254.

Further, Walker violated the PFA order and the court's stay away order, while on probation; both orders pertained to his wife. Although Walker's charge for violating the PFA was dismissed, his refusal to comply with these orders shows that he is likely to commit another crime. Additionally, Walker was arrested on new criminal charges while on probation, although they were dismissed. Nonetheless, where a probationer is arrested and receives new charges that are *nolle prossed*, a VOP court can and should consider the totality of this evidence, particularly the factual allegations in support thereof, before imposing a sentence of total confinement. *Commonwealth v. Banks*, 198 A.3d 391, 403 (Pa. Super. 2018) (quoting *Commonwealth v. Ahearn*, 670 A.2d 133, 135 (Pa. 1996), and distinguishing *Commonwealth v. Brown*, 469 A.2d 1371 (Pa. 1983) (regarding charges *acquitted* by a jury)). The court

- 8 -

further noted that the continuing nature of Walker's antisocial behavior further suggested that he was likely to commit future offenses unless confined. VOP Court Opinion, 7/8/24, at 7.

The court also found that Walker was not amenable to supervision. *Id.* 6. The court observed that the purpose of a VOP hearing is to "determine whether probation remains rehabilitative and continues to deter future antisocial conduct." *Commonwealth v. Holder*, 805 A.2d 499, 504 (Pa. 2002). At his VOP hearing, the court told Walker that his prior probation sentence was an opportunity for him. However, instead of taking advantage of it, Walker failed to make any positive rehabilitative efforts and demonstrated a clear pattern of antisocial conduct. *See* N.T., 4/26/24, at 24-25. In particular, the court found that Walker's actions by absconding were flagrant and demonstrated his inability to reform and lack of remorse. Consequently, the court found that probation was not a viable means to rehabilitate Walker and deter antisocial behavior. VOP Court Opinion, 7/8/24, at 6.

Lastly, the court indicated that a sentence of total confinement was necessary to "vindicate the authority" of the court given appellant's willful non-compliance with probation, rules, and court orders. In particular, the court noted the flagrant nature of Walker's actions by absconding. *Id.* Walker blatantly disregarded the terms of his probation almost immediately after he was sentenced. This continued for almost 4 months. A sentence of imprisonment for a defendant who absconded is essential to vindicate the

court's authority. **Commonwealth v. Ortega**, 995 A.2d 879, 884 (Pa. Super. 2010).

Therefore, the court's sentence of total confinement was appropriate.

Additionally, the length of Walker's sentence was not unreasonable.[5] Here, the standard range, minimum sentence was 3 to 14 months' incarceration, plus or minus 3 months. The court's minimum sentence of 18 months was one month outside the aggravated range. However, as the VOP court indicated, the maximum sentence for criminal trespass, a second-degree felony, is 5 to 10 years' incarceration. **See** 18 Pa.C.S.A. § 1103(2). Walker's sentence of 1½ to 3 years was well below the sentence the court originally could have imposed.

Further, we acknowledge that the Legislature adopted new limitations for probation violation sentences based on technical violations. 42 Pa.C.S.A. § 9771(c). However, as Walker recognizes, these rules were not in effect at the time of his VOP sentencing and, therefore, do not apply to him. Moreover, this change in the law does not persuade us that Walker's sentence was excessive.

A review of the VOP sentencing transcript reveals that the VOP court considered the factors under section 9771(c), discussed above, and the

---

[5] For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 (relating to sentencing guidelines, 7th edition), with consideration given to any service of the original sentence." 204 Pa. Code § 307.3.

general principles of sentencing in fashioning Walker's sentence. Specifically, it considered the circumstances of this case, the information provided by the supervising probation officer; arguments of the Commonwealth and defense counsel, and, significantly, Walker's rehabilitative and treatment needs. Walker's conduct while on probation weighed heavily in determining Walker's sentence as did the court's desire to ensure that Walker received the help he needed. N.T., 4/26/24, at 25-26.

Walker argues nonetheless that, based upon *Parlante* and *Commonwealth v. Cottle*, 426 A.2d 598, 602 (Pa. 1981), his state sentence for technical violations of his probation, should likewise be vacated. Although Walker acknowledges that he absconded, he argues that he took substantial steps toward rehabilitation which warrants a lesser sentence. We disagree.

In *Parlante*, this Court found that the trial court abused its discretion where it imposed a lengthy sentence based on a number of technical violations. There, the trial court based its revocation sentence solely on the likelihood that the defendant would violate probation again without considering that her few crimes were not violent among other important factors. While this Court agreed that the defendant should serve some prison time for her violations, we concluded 4 to 8 years was excessive. *Id.* at 930-931.

Similarly, in *Cottle* the court imposed a maximum sentence of confinement based solely on Cottle's failure to report. Despite his failure to report, Cottle took significant steps to rehabilitate himself which was the goal.

- 11 -

Because this had been accomplished and there was no basis for a sentence of total confinement, incarceration would be more punitive than rehabilitative. Thus, our Supreme Court vacated Cottle's sentence. **Cottle**, 426 A.2d at 602.

Based upon our review, the instant case does not warrant the type of relief afforded in **Parlante** and **Cottle**. As discussed above, the VOP court imposed a revocation sentence well below the maximum for **multiple** technical violations of his probation, as well as being arrested while on probation for new offenses like that of the underlying offense in this case. Furthermore, as the trial court found, Walker has not taken substantial steps towards his own rehabilitation. Thus, Walker's sentence was not "a manifestly unreasonable amount of time" as the sentence was in **Parlante**. Additionally, there were several reasons, supported by the record, why the VOP court imposed a sentence of total incarceration, unlike the circumstances in **Cottle**.

In sum, we conclude that the trial court did not abuse it discretion in imposing Walker's VOP sentence as his sentence was not manifestly excessive or unreasonable under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

- 12 -

J-S47019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN WALKER | : | |
| | : | |
| Appellant | : | No. 1456 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002234-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED MARCH 21, 2025**

Austin Walker appeals from the judgment of sentence imposed following revocation of his probation for technical violations.  He challenges the discretionary aspects of his new sentence.  Upon review, we affirm.

The relevant factual and procedural history follows.  On the night of January 16, 2023, Walker, while intoxicated, broke into his wife's home in Philadelphia by kicking in the back door.  He entered her home.  When police arrived and attempted to take him into custody, he resisted, attempted to punch the officers, and disregarded their commands.  He was arrested and charged with several offenses.

On July 19, 2023, Walker entered a negotiated guilty plea for criminal trespass.[1]  The trial court sentenced him to 3 years' probation.  The court also

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).  The remaining charges were dismissed.

imposed the following probation conditions: a stay away order against his wife; supervision by the domestic violence unit of the probation department, which required that Walker attend batterer's intervention treatment; a mental health evaluation; and a drug and alcohol assessment. A protection from abuse ("PFA") order was entered against Walker, which coincided with his period of probation.

Following his sentence, Walker reported to probation on August 15, 2023. At that time, he tested positive for cocaine. He was to report again on September 13, 2023, but failed to do so. Walker absconded.

The probation department attempted several times to contact Walker but was unable to reach him. Consequently, on October 17, 2023, a warrant was issued. Walker was picked up on December 4, 2023, when he was arrested for another domestic violence incident which included contempt of the PFA, terroristic threats, stalking, simple assault, and resisting arrest.

Subsequently, the probation department sought to revoke his probation for technical violations.[2] In addition to failing to report and absconding, Walker failed to attend the batterer's intervention treatment and obtain other required assessments. As a result, the probation department sought revocation of Walker's probation and imposition of a sentence of incarceration.

_____

[2] Originally, the request to revoke Walker's probation included charges for a violation of the PFA order and new criminal charges. However, those charges were dismissed and the matter proceeded solely based on his technical violations.

On April 26, 2024, the court held a violation of probation ("VOP") hearing and found that Walker violated his probation which warranted a sentence of total confinement. That same day, the VOP court resentenced Walker to 1½ to 3 years' incarceration and ordered drug treatment. Walker filed a post-sentence motion, which the court did not decide.

Walker filed this timely appeal.[3] He and the trial court complied with Appellate Rule 1925.

On appeal, Walker raises the following issue:

Did the [VOP] court abuse its discretion in sentencing [] Walker to one-and-one-half to three years' incarceration for a first, technical violation of his probation where such an extended period of total confinement was manifestly excessive under the circumstances?

Walker's Brief at 2.

Walker challenges the discretionary aspects of his VOP sentence. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, the appellant must petition this Court for permission to appeal. *See Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). Before

_____

[3] The VOP court claimed that the appeal was premature since it had not yet decided Walker's post-sentence motion. Trial Court Opinion, 7/8/24, at 2 n.2. However, as Walker noted, the filing of a post-sentence motion does not toll the appeal period for a probation revocation sentence. Pa.R.Crim.P 708(E). Accordingly, Walker had to file his appeal within 30 days of his sentencing or risk it be quashed as untimely.

- 3 -

reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Walker satisfied the first three requirements under *Colon*. Accordingly, we must determine whether he raised a substantial question.

In his Rule 2119(f) statement, Walker claims that the trial court abused its discretion by imposing an excessive sentence of total confinement following revocation of probation for a first violation based solely on technical violations. He further maintains that the court did not consider his rehabilitative needs or relevant mitigating factors. Walker's Brief at 6.

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and therefore raises a substantial question. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (claim that probation revocation sentence was excessive

considering its underlying technical violations can present a question that this Court should review). Additionally, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors [or rehabilitative needs]—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will address Walker's sentencing claim.

This Court has stated:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Colon*, 102 A.3d at 1044 (quotations and citations omitted). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).[4] In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1040–41 (Pa. Super. 2013). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Crump**, 995 A.2d at 1282–1283.

This Court has held that, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a resistance] to reform." **Commonwealth v. Carver**, 923 A.2d 495, 498 (Pa. Super. 2007). "[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant

_____

[4] The law was amended effective June 11, 2024, which renders these criteria inapplicable. However, because Walker's VOP hearing occurred prior to the amendment's effective date, we apply this version of the statute.

received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).

However, we have rejected lengthy incarceration sentences imposed solely based upon technical violations of probation on grounds of unreasonableness. ***Commonwealth v. Williams***, 69 A.3d 735 (Pa. Super. 2013); ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003). Given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

In his sole issue, Walker claims that the VOP court abused its discretion when it imposed an excessive sentence of confinement. According to Walker, although a sentence of incarceration may have been warranted, the VOP court should not have sentenced him to a "substantial" state prison sentence for a first violation. Specifically, Walker argues that his violations were only technical and that he took substantial steps on his own toward his rehabilitation by maintaining employment, attending job training classes, and undertaking drug treatment. Walker's Brief at 9, 13. He maintains that our courts have vacated excessive state sentences based on only technical violations. Additionally, Walker argues that, if his hearing occurred six weeks later, his sentence would have been capped at fourteen days' incarceration under 42 Pa.C.S.A. section 9771(c), which now limits a probation revocation sentence of total confinement for technical violations. Walker maintains that this is persuasive authority demonstrating that his sentence is excessive. ***Id.***

- 7 -

at 7, 13-14. According to Walker, this Court should vacate his sentence. *Id.* at 8. We disagree.

Here, the VOP court found that Walker violated **multiple** conditions of his probation. As a result, the court sentenced him to 1½ to 3 years' incarceration. In imposing a sentence of total confinement, the VOP court explained that it was warranted for several reasons. First, the court found that Walker was likely to commit another crime. The court noted that Walker's positive drug screen for cocaine indicated that he had possessed an illegal substance. VOP Court Opinion, 7/8/24, at 5-6. Possession of a controlled substance while on probation shows that a defendant is likely to commit another crime (and in fact has). **Malovich**, 903 A.2d at 1254.

Further, Walker violated the PFA order and the court's stay away order, while on probation; both orders pertained to his wife. Although Walker's charge for violating the PFA was dismissed, his refusal to comply with these orders shows that he is likely to commit another crime. Additionally, Walker was arrested on new criminal charges while on probation, although they were dismissed. Nonetheless, where a probationer is arrested and receives new charges that are *nolle prossed*, a VOP court can and should consider the totality of this evidence, particularly the factual allegations in support thereof, before imposing a sentence of total confinement. **Commonwealth v. Banks**, 198 A.3d 391, 403 (Pa. Super. 2018) (quoting **Commonwealth v. Ahearn**, 670 A.2d 133, 135 (Pa. 1996), and distinguishing **Commonwealth v. Brown**, 469 A.2d 1371 (Pa. 1983) (regarding charges *acquitted* by a jury)). The court

- 8 -

further noted that the continuing nature of Walker's antisocial behavior further suggested that he was likely to commit future offenses unless confined. VOP Court Opinion, 7/8/24, at 7.

The court also found that Walker was not amenable to supervision. *Id.* 6. The court observed that the purpose of a VOP hearing is to "determine whether probation remains rehabilitative and continues to deter future antisocial conduct." *Commonwealth v. Holder*, 805 A.2d 499, 504 (Pa. 2002). At his VOP hearing, the court told Walker that his prior probation sentence was an opportunity for him. However, instead of taking advantage of it, Walker failed to make any positive rehabilitative efforts and demonstrated a clear pattern of antisocial conduct. *See* N.T., 4/26/24, at 24-25. In particular, the court found that Walker's actions by absconding were flagrant and demonstrated his inability to reform and lack of remorse. Consequently, the court found that probation was not a viable means to rehabilitate Walker and deter antisocial behavior. VOP Court Opinion, 7/8/24, at 6.

Lastly, the court indicated that a sentence of total confinement was necessary to "vindicate the authority" of the court given appellant's willful non-compliance with probation, rules, and court orders. In particular, the court noted the flagrant nature of Walker's actions by absconding. *Id.* Walker blatantly disregarded the terms of his probation almost immediately after he was sentenced. This continued for almost 4 months. A sentence of imprisonment for a defendant who absconded is essential to vindicate the

court's authority. ***Commonwealth v. Ortega***, 995 A.2d 879, 884 (Pa. Super. 2010).

Therefore, the court's sentence of total confinement was appropriate.

Additionally, the length of Walker's sentence was not unreasonable.[5] Here, the standard range, minimum sentence was 3 to 14 months' incarceration, plus or minus 3 months. The court's minimum sentence of 18 months was one month outside the aggravated range. However, as the VOP court indicated, the maximum sentence for criminal trespass, a second-degree felony, is 5 to 10 years' incarceration. ***See*** 18 Pa.C.S.A. § 1103(2). Walker's sentence of 1½ to 3 years was well below the sentence the court originally could have imposed.

Further, we acknowledge that the Legislature adopted new limitations for probation violation sentences based on technical violations. 42 Pa.C.S.A. § 9771(c). However, as Walker recognizes, these rules were not in effect at the time of his VOP sentencing and, therefore, do not apply to him. Moreover, this change in the law does not persuade us that Walker's sentence was excessive.

A review of the VOP sentencing transcript reveals that the VOP court considered the factors under section 9771(c), discussed above, and the

---

[5] For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 (relating to sentencing guidelines, 7th edition), with consideration given to any service of the original sentence." 204 Pa. Code § 307.3.

- 10 -

general principles of sentencing in fashioning Walker's sentence. Specifically, it considered the circumstances of this case, the information provided by the supervising probation officer; arguments of the Commonwealth and defense counsel, and, significantly, Walker's rehabilitative and treatment needs. Walker's conduct while on probation weighed heavily in determining Walker's sentence as did the court's desire to ensure that Walker received the help he needed. N.T., 4/26/24, at 25-26.

Walker argues nonetheless that, based upon *Parlante* and *Commonwealth v. Cottle*, 426 A.2d 598, 602 (Pa. 1981), his state sentence for technical violations of his probation, should likewise be vacated. Although Walker acknowledges that he absconded, he argues that he took substantial steps toward rehabilitation which warrants a lesser sentence. We disagree.

In *Parlante*, this Court found that the trial court abused its discretion where it imposed a lengthy sentence based on a number of technical violations. There, the trial court based its revocation sentence solely on the likelihood that the defendant would violate probation again without considering that her few crimes were not violent among other important factors. While this Court agreed that the defendant should serve some prison time for her violations, we concluded 4 to 8 years was excessive. *Id.* at 930-931.

Similarly, in *Cottle* the court imposed a maximum sentence of confinement based solely on Cottle's failure to report. Despite his failure to report, Cottle took significant steps to rehabilitate himself which was the goal.

- 11 -

Because this had been accomplished and there was no basis for a sentence of total confinement, incarceration would be more punitive than rehabilitative. Thus, our Supreme Court vacated Cottle's sentence. **Cottle**, 426 A.2d at 602.

Based upon our review, the instant case does not warrant the type of relief afforded in **Parlante** and **Cottle**. As discussed above, the VOP court imposed a revocation sentence well below the maximum for **multiple** technical violations of his probation, as well as being arrested while on probation for new offenses like that of the underlying offense in this case. Furthermore, as the trial court found, Walker has not taken substantial steps towards his own rehabilitation. Thus, Walker's sentence was not "a manifestly unreasonable amount of time" as the sentence was in **Parlante**. Additionally, there were several reasons, supported by the record, why the VOP court imposed a sentence of total incarceration, unlike the circumstances in **Cottle**.

In sum, we conclude that the trial court did not abuse it discretion in imposing Walker's VOP sentence as his sentence was not manifestly excessive or unreasonable under the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

- 12 -